IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**ISHMAEL ALI EVANS**                                                                     **PLAINTIFF**

**V.**                                              **CIVIL ACTION NO. 3:23-CV-00473-MPM-RP**

**CARL GILLARD, et al.**                                                      **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on the *pro se* prisoner complaint of Ishmael Ali Evans, who challenges the conditions of his confinement under 42 U.S.C.§ 1983. Upon due consideration of Evans' allegations and the applicable authority, the Court finds that Evans' claims should be dismissed for failure to state a claim upon which relief can be granted.

### Screening Standards

Because Evans has been permitted to proceed *in forma pauperis* in this action,[1] his claims are subject to *sua sponte* dismissal under the Prison Litigation Reform Act ("PLRA"). *See* 28 U.S.C. § 1915(e)(2).[2] Pursuant to the PLRA, the Court is obligated to evaluate the complaint and dismiss if it is "frivolous or malicious," if it "fails to state a claim upon which relief may be granted," or if it "seeks monetary relief against a defendant who is immune from such relief." *Id.* A claim is frivolous if it "lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint fails to state a claim upon which relief may be granted if relief could not be granted to the plaintiff "under any set of facts that would be proven consistent with the allegations" in the complaint. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998) (citation omitted); *see Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (complaint fails to state a

---

[1]*See* Doc. #11.
[2]*See also* 28 U.S.C. § 1915A (subjecting prisoner complaint to preliminary screening regardless of *in forma pauperis* status).

claim only where it does not plead "enough facts to state a claim to relief that is plausible on its face").

## Plaintiff's Allegations

Evans is a pretrial detainee who is currently incarcerated at the Tippah County Detention Center ("TCDC") located in Ripley, Mississippi. In the instant matter, Evans primarily complains that he has been denied sufficient access to the facility's law library. Evans additionally contends that he has been denied adequate medical care, including mental health care.

Evans names Tippah County Sheriff Carl Gillard, Jail Administrator Brandon Wilbanks, Brandon Holdstrom, Marquez Barton, Tyler Stark, Kaylynn Childers, Rick Benefield, Sheri Benefield, Crystal Paul, Maria Delgado, and Jailer Brandon Wilbanks as Defendants in this action. By way of relief, Evans requests that the Court provide injunctive relief related to access to legal materials and medical care and further seeks monetary damages in varying amounts from particular defendants.

On February 20, 2024, the Court entered an Order directing Evans to show cause why this case should not be dismissed with prejudice for failure to state a claim upon which relief can be granted. Doc. # 20. Evans subsequently moved for and was granted an extension of time within which to file his response to the show cause order. *See* Doc. #s 25, 26. On March 15, 2024, Evans filed his response. Doc. # 27.

## Supervisor Liability

Evans' claims against Tippah County Sheriff Carl Gillard and Jail Administrator Brandon Wilbanks fail to state a claim upon which relief can be granted. A plaintiff proceeding under 42 U.S.C. § 1983 cannot establish that a government official violated the plaintiff's constitutional rights simply by virtue of the official's role as a supervisor. *Monell v. Department of Social*

2

*Services*, 436 U.S. 658, 691 (1978). Instead, to state a viable claim under Section 1983, the plaintiff must "identify defendants who are either personally involved in the constitutional violation or whose acts are causally connected to the constitutional violation alleged." *Woods v. Edwards*, 51 F.3d 577, 583 (5th Cir. 1995) (citing *Lozana v. Smith*, 718 F.2d 756, 768 (5th Cir. 1983)). There are only two scenarios in which a supervisor may be held liable under § 1983: (1) when he affirmatively participates in the incident, or (2) when he implements an unconstitutional policy that results in the constitutional injury. *Wernecke v. Garcia*, 591 F.3d 386, 401 (5th Cir. 2009). Consequently, a supervisory official "can be held liable only for his own misconduct." *Carnaby v. City of Houston*, 636 F.3d 183, 189 (5th Cir. 2011).

Evans' complaint references Defendants Gillard and Wilbanks repeatedly, but fails to set forth allegations indicating any actual personal involvement in the alleged constitutional violations. Evans seems to believe that both Gillard and Wilbanks were aware of his repeated requests to access the law library and requests for medical care. In his response to the show cause order, Evans averred that he wrote letters to both Gillard and Wilbanks advising them of the alleged issues regarding medical care and access to legal materials. Even if true, the fact that a supervisory official has knowledge of an inmate's requests (or receives letters from an inmate) does not equate to the personal involvement required to impose liability under Section 1983. Otherwise, Evans' allegations as to these defendants are wholly generalized and conclusory.

In sum, it is apparent that Defendants Gillard and Wilbanks have been named defendants in this action merely due to their positions of authority at the Tippah County Detention Center; thus, they should be dismissed from this action. *See Oliver v. Scott*, 276 F.3d 736, 742 n.6 (5th Cir. 202) (Section 1983 does not allow a supervisory official to be held liable for the actions of

3

their subordinates); *see also Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir. 1983) ("Personal involvement is an essential element of a civil rights cause of action.").

### Denial of Medical Care

To prevail on an Eighth Amendment claim for denial of medical care, a plaintiff must allege facts which demonstrate "deliberate indifference to the serious medical needs of prisoners [which] constitutes 'unnecessary and wanton infliction of pain' proscribed by the Eighth Amendment . . . whether the indifference is manifested by prison doctors or prison guards in intentionally denying or delaying access to medical care . . . ." *Estelle v. Gamble*, 429 U.S. 97, 104-105, 50 L. Ed. 2d 251, 260 (1976); *Mayweather v. Foti*, 958 F.2d 91, 91 (5th Cir. 1992). The test for establishing deliberate indifference is one of "subjective recklessness as used in the criminal law." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

Under this standard, a state actor may not be held liable under 42 U.S.C. § 1983 unless plaintiff alleges facts which, if true, would establish that the official "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 838. Only in exceptional circumstances may a court infer knowledge of substantial risk of serious harm by its obviousness. *Id*. Moreover, not all failure to provide medical care is actionable, as negligent conduct by a prison official does not give rise to a constitutional violation. *Daniels v. Williams*, 474 U.S. 327 (1986); *Davidson v. Cannon*, 474 U.S. 344 (1986).

In this case, Evans claims he suffers a myriad of health issues: "Asthma, PTSD, Anxiety, Schizophrenia, Manic Depression/BiPolar, C[h]ronic Back Pain, Leg Pans (both legs classified weak and that he is a fall risk)" and further that he "has a hernia that overlaps into his bladder." Doc. # 1-3 at 3-4. Evans additionally takes issue with the timeliness of medications provided,

arguing that there are "big delays in refilling med[ications]." *Id.* at 3. Evans further avers that, despite a doctor's recommendation, the jail has failed to send him to a particular mental health clinic for treatment.

To be clear, although Evans identifies a number of health issues of which he allegedly suffers, he has *not* identified what treatment for those health issues he has been denied nor has he identified a resulting harm from the failure to provide the unidentified treatment. Apart from the alleged recommendation that he be sent to a particular mental health clinic, Evans' allegations are largely conclusory and do not indicate a "substantial risk of serious harm" which defendants deliberately ignored. *See Farmer*, 511 U.S. at 847 (holding a prison official cannot be liable unless the facts demonstrate that he deliberately disregarded a substantial risk of serious harm to the inmate). Moreover, the Court notes that Evans repeatedly declares that the facility's provision of medical care is dependent on cost—a facility's consideration of cost hardly constitutes "deliberate indifference" to the medical needs of its inmates as required under the Eighth Amendment.

In sum, while the Court has sympathy for Evans' apparent belief that he needs medical treatment, Evans' failure to identify an illness and/or injury *that needs treatment*, a resulting harm from the alleged denial of treatment, and facts demonstrating deliberate indifference by defendants warrants dismissal for failure to state a claim upon which relief can be granted.

## Denial of Access to the Courts

Evans primarily complains that he has been denied sufficient access to TCDC's law library and further seems to find the quality of said library lacking. Inmates have the right of adequate, effective, and meaningful access to the courts. *Bounds v. Smith*, 430 U.S. 817, 828 (1977) (abrogated on other grounds by *Lewis v. Casey*, 518 U.S. 343, 351 (1996)). This requirement, however, is limited, and does not encompass a right of unconditional access to legal materials.

5

*Campbell v. Miller*, 787 F.2d 217, 226 (7th Cir. 1986). The constitutional standard is meaningful, not unlimited, access. *Id.* The right of access to the courts is further limited to allow prisoners an opportunity to file nonfrivolous claims challenging their convictions or conditions of confinement. *Jones v. Greninger*, 188 F.3d 322, 325 (5th Cir. 1999). "Interference with a prisoner's right to access to the courts, such as delay, may result in a constitutional deprivation." *Chriceol v. Phillips*, 169 F.3d 313, 317 (5th Cir. 1999) (citations omitted).

However, "[a] denial-of-access-to-the-courts claim is not valid if a litigant's position is not prejudiced by the alleged violation." *Ruiz v. United States*, 160 F.3d 273, 275 (5th Cir. 1998); *Henthorn v. Swinson*, 955 F.2d 351, 354 (5th Cir. 1992) (citations omitted). It is only when a prisoner suffers some sort of actual prejudice or detriment from denial of access to the courts that the allegations become one of constitutional magnitude. *Walker v. Navarro County Jail*, 4 F.3d 410, 413 (5th Cir. 1993); *see Howland v. Kilquist*, 833 F.2d 639, 642 (7th Cir. 1987). To prove his claim, a plaintiff must show a real detriment—a true denial of access—such as the loss of a motion; the loss of a right commence, prosecute or appeal in a court; or substantial delay in obtaining a judicial determination in a proceeding. *See Oaks v. Wainwright*, 430 F.2d 241 (5th Cir. 1970).

Evans has set forth a timeline in which he recounts what dates he asked for access to the law library and whether that access was granted or denied. The Court recognizes that, according to Evans' allegations, he was denied access to the law library far more often than he was granted access. But just because Evans was not granted access any and every time he requested it does not *ipso facto* demonstrate a constitutional violation. The right of access to the courts is not "an abstract, freestanding right to a law library or legal assistance[;] an inmate cannot establish

6

relevant actual injury simply by establishing that his prison's law library or legal assistance program is subpar in some theoretical sense." *Lewis v. Casey*, 518 U.S.343, 351 (1996).

Evans wholly fails to identify any way in which the limited access to the law library hindered his access to the courts. More to the point, Evans has not alleged a negative ruling on a motion, a loss of a right to prosecute or appeal in a court, nor a substantial delay in obtaining a judicial ruling. In fact, Evans has not even identified what claim(s) he needed access to the law library to research and he concedes that he has court-appointed counsel to represent him in defending against the unidentified pending criminal charges levied against him. In sum, Evans has not alleged that he has suffered harm to any legal position; consequently, his allegations fail to state a claim upon which relief can be granted.

## Conclusion

Based on the foregoing discussion, the Court finds that Evans has failed to state a cognizable constitutional claim. Accordingly, the Court finds this action should be **DISMISSED WITH PREJUDICE** for failure to state a claim upon which relief can be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). This dismissal counts as a "strike" under 28 U.S.C. § 1915(g). Evans is cautioned that once he accumulates three strikes, he may not proceed *in forma pauperis* in any civil action or appeal filed while incarcerated unless he is in imminent danger of some physical injury. 28 U.S.C. § 1915(g). A final judgment in accordance with this opinion will be entered today.

**SO ORDERED**, this the 16th day of April, 2024.

/s/ Michael P. Mills
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF MISSISSIPPI

7